**Mary SEITZ, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–3257.**

United States Court of Appeals, Sixth Circuit.

Nov. 9, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

This is an appeal from a district court judgment affirming a decision to deny an application for Social Security disability benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Claimant Mary Seitz filed an application with the Social Security Administration for disability insurance benefits on August 7, 1995. The matter was eventually referred to an Administrative Law Judge ("ALJ") for an evidentiary hearing. The ALJ concluded that Seitz was not entitled to the benefits sought and this determination became the final decision of the Commissioner when the Appeals Council declined review. Seitz took an appeal to the district court on the authority of 42 U.S.C. § 405(g) and both parties consented to vesting the magistrate judge with final decision-making authority. The magistrate judge ultimately issued an opinion concluding that, although the ALJ erred to some degree, the Commissioner's decision to deny benefits nevertheless should be affirmed. This appeal followed.

Seitz, a diabetic, was born on July 24, 1944. Her applications were denied at the preliminary stages and the matter was referred to an ALJ for an evidentiary hearing. The ALJ considered the evidence and concluded that Seitz was not entitled to disability benefits after finding, in relevant part: 1) that Seitz had a severe impairment (insulin dependent diabetes mellitus, possible diabetic neuropathy, status post bilateral cataracts surgically treated, hypertension, depression, obesity and asthma) but the impairments did not automatically qualify Seitz as disabled; 2) that Seitz should be classified under the Regulations as a person "closely approaching advanced age" with a "limited education;" 3) that the symptoms of which Seitz complained (shortness of breath, hy-poglycemic episodes and depression) were not supported by the objective medical evidence; 4) that Seitz retained the residual functional capacity to perform reduced "light work" with lifting restrictions because, in part, she could *"sit, stand or walk at least 6 hours each during the course of a work day with normal breaks;"* (emphasis added) and; 5) that there were a significant number of jobs in the national economy which she could perform.

The Commissioner adopted these findings and Seitz took an appeal to the district court. The district court, per the magistrate judge, found that the ALJ erred in failing to give credit to the opinions of Seitz's treating physicians that she could not stand more than two hours out of an ordinary eight hour work day, even considering the contrary opinions of the non-treating physicians. The magistrate judge concluded, however, that this error was irrelevant as the vocational expert testified that there were sufficient reduced "light work" jobs or, in the alternative, sedentary jobs, in the national economy that Seitz was capable of performing.

On appeal, counsel for Seitz contends that the ALJ's failure to credit the treating physicians' opinion as to Seitz inability to stand more than two hours in a work day merits a reversal. This is a challenge to the sufficiency of the evidence supporting the Commissioner's decision. Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive so long as they are supported by substantial evidence. This court's review "is limited to determining whether there is substantial evidence in the record to support the findings." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986).

Generally, "the medical opinion of a treating physician must be accorded greater weight than those of physicians em-

ployed by the government to defend against a disability claim." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988) (citations omitted). The opinion of a treating physician is entitled to greater weight, however, only if it is based on objective medical findings. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987) (per curiam).

 The record plainly reflects the opinions of Seitz's two treating physicians that she was restricted to two hours of standing (plus two hours of sitting) in a normal eight hour work day and the ALJ's conclusion in which he neither adopts this finding nor explains why it was not supported by the evidence. The district court therefore properly concluded that the ALJ erred in discounting the opinions of Seitz's two treating physicians that she was limited to two hours of standing during an eight hour work day. The district court's assumption that this error was of no importance, however, was erroneous. The parties agree that Seitz is a person "closely approaching advanced age" with a "limited education" within the meaning of the Regulations. If, as posited in the alternative, Seitz is truly limited to sedentary work, then she may be entitled to disability benefits under the Social Security Act. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Tables 1–3 (Rule 201.14). It is thus imperative to ascertain if, giving due deference to the opinions of the treating physicians, Seitz is limited to sedentary work or a reduced range of light work. The matter therefore must be remanded for this reason. This resolution of Seitz's first appellate issue means that there is no reason to explore the second.

Accordingly, the district court's judgment is vacated and the cause is remanded to the Commissioner for further proceedings consistent with this opinion.